UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

NATHANIEL THOMAS HATCHER, III,
JAMES TONEY,
AL'DONTA EASTERLING

CASE NO.  3:24-cr-25(S3)-HES-MCR
18 U.S.C. § 932(b)(2)
18 U.S.C. § 922(a)(6)
21 U.S.C. § 846
18 U.S.C. § 36(b)(1)
18 U.S.C. § 924(c)
18 U.S.C. § 1956(h)
18 U.S.C. § 1512(c)(2)
21 U.S.C. § 841(a)(1)

## THIRD SUPERSEDING INDICTMENT

The Grand Jury charges:

## COUNT ONE

**(Conspiracy to Straw-Purchase Firearms)**

Beginning on an unknown date, but no later than in or about November 22, 2022, and continuing through in or about January 2, 2024, in the Middle District of Florida, the defendant,

NATHANIEL THOMAS HATCHER, III,

did knowingly conspire with others, both known and unknown to the Grand Jury, to purchase firearms, including but not limited to, a Glock pistol, a Manta Machining rifle, and three Century Arms pistols, in or otherwise affecting interstate or foreign commerce for, on behalf of, or at the request or demand of any other person, knowing or having reasonable cause to believe that such other person intended to

use, carry, possess, or otherwise dispose of the firearms in furtherance of a felony or a drug trafficking crime.

In violation of 18 U.S.C. § 932(b)(2) and (c)(2).

## COUNT TWO

### (Knowingly Making a Materially False Statement During the Purchase of a Firearm)

On or about January 9, 2023, in the Middle District of Florida, the defendant,

NATHANIEL THOMAS HATCHER, III,

aiding and abetting another person, acquired firearms, specifically, a Glock pistol and a Manta Machining rifle, from a federally licensed firearms dealer, namely, Money Mizer Pawn and Jewelry, during which acquisition, the other person knowingly made a false and fictitious written statement intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale under the provisions of Title 18, Chapter 44, United States Code, to wit, answering "yes" to question 21.a. on an ATF Form 4473, which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact the other person was buying the firearms on behalf of the defendant.

In violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2.

## COUNT THREE

**(Knowingly Making a Materially False Statement During the Purchase of a Firearm)**

On or about January 9, 2023, in the Middle District of Florida, the defendant,

### NATHANIEL THOMAS HATCHER, III,

aiding and abetting another person, acquired a firearm, specifically, a Century Arms pistol, from a federally licensed firearms dealer, namely, St. Nicholas Gun and Sporting Goods, during which acquisition, the other person knowingly made a false and fictitious written statement intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale under the provisions of Title 18, Chapter 44, United States Code, to wit, answering "yes" to question 21.a. on an ATF Form 4473, which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact the other person was buying the firearm on behalf of the defendant.

In violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2.

## COUNT FOUR

**(Knowingly Making a Materially False Statement During the Purchase of a Firearm)**

On or about January 18, 2023, in the Middle District of Florida, the defendant,

### NATHANIEL THOMAS HATCHER, III,

aiding and abetting another person, acquired firearms, specifically, two Century Arms pistols, from a federally licensed firearms dealer, namely, St. Nicholas Gun and Sporting Goods, during which acquisition, the other person knowingly made a false and fictitious written statement intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale under the provisions of Title 18, Chapter 44, United States Code, to wit, answering "yes" to question 21.a. on an ATF Form 4473, which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact the other person was buying the firearms on behalf of the defendant.

In violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2.

## COUNT FIVE

### (Knowingly Making a Materially False Statement During the Purchase of a Firearm)

On or about January 2, 2024, in the Middle District of Florida, the defendant,

### NATHANIEL THOMAS HATCHER, III,

aiding and abetting another person, attempted to acquire firearms, specifically, two Century Arms pistols and an FN Herstal rifle, from a federally licensed firearms dealer, namely, Orange Park Gun and Pawn, during which acquisition, the other person knowingly made a false and fictitious written statement intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale under the provisions of Title 18, Chapter 44, United States Code, to wit, answering "yes" to question 21.a. on an ATF Form 4473, which asks, "Are you the actual

transferee/buyer of the firearm(s) listed on this form?" when in fact the other person was buying the firearms on behalf of the defendant.

In violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2.

## COUNT SIX

### (Conspiracy to Distribute and Possess with the Intent to Distribute a Controlled Substance)

Beginning on an unknown date, but not later than in or about October 2022, and continuing through in or about July 2024, in the Middle District of Florida, and elsewhere, the defendants,

NATHANIEL THOMAS HATCHER, III,
JAMES TONEY, and
AL'DONTA EASTERLING,

did knowingly and willfully conspire with each other and other persons, both known and unknown to the Grand Jury, to distribute and possess with the intent to distribute a controlled substance.

With respect to NATHANIEL THOMAS HATCHER, III, the violation involved 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

With respect to JAMES TONEY and AL'DONTA EASTERLING, the violation involved 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

It was part of the conspiracy that the conspirators would perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B).

## COUNT SEVEN

### (Drive-By Shooting)

On or about October 17, 2023, in the Middle District of Florida, the defendants,

NATHANIEL THOMAS HATCHER, III, and
JAMES TONEY,

aiding and abetting each other and others, in furtherance of a major drug offense, as charged in Count Six, which count is incorporated by reference herein, and with intent to intimidate, harass, injure, and maim, fired a weapon into a group of two or more persons and, in the course of such conduct, caused grave risk to any human life.

In violation of 18 U.S.C. §§ 36(b)(1) and 2.

## COUNT EIGHT

### (Discharging a Firearm During a Crime of Violence)

On or about October 17, 2023, in the Middle District of Florida, the defendants,

NATHANIEL THOMAS HATCHER, III, and
JAMES TONEY,

aiding and abetting each other and others, did knowingly use, carry, and discharge a

firearm during and in relation to a crime of violence for which they may be prosecuted in a Court of the United States, namely a violation of 18 U.S.C. § 36(b)(1), as charged in Count Seven, which count is incorporated by reference herein.

In violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.

## COUNT NINE

### (Conspiracy to Commit Money Laundering)

Beginning on an unknown date but no later than in or about October 2022, and continuing through in or about April 2024, in the Middle District of Florida, and elsewhere, the defendant,

NATHANIEL THOMAS HATCHER, III,

did knowingly combine, conspire, confederate, and agree with other persons, known and unknown to the Grand Jury, to commit offenses against the United States in violation of 18 U.S.C. § 1956(a)(1)(A)(i), to wit, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the drug trafficking conspiracy charged in Count Six, with the intent to promote the carrying on of specified unlawful activity, knowing that the property involved in the financial transactions represent the proceeds of some form of unlawful activity.

All in violation of 18 U.S.C. § 1956(h).

## COUNT TEN

### (Obstruction of an Official Proceeding)

On or about March 11, 2024, in the Middle District of Florida, the defendant,

NATHANIEL THOMAS HATCHER, III,

corruptly attempted to obstruct, influence, and impede *U.S. v. Nathaniel Thomas*

*Hatcher III*, 3:24-cr-25-HES-MCR, an official proceeding in the U.S. District Court

for the Middle District of Florida, by attempting to intimidate a witness.

In violation of 18 U.S.C. § 1512(c)(2).

## COUNT ELEVEN

### (Obstruction of an Official Proceeding)

On or about March 23, 2024, in the Middle District of Florida, the defendant,

NATHANIEL THOMAS HATCHER, III,

corruptly attempted to obstruct, influence, and impede *U.S. v. Nathaniel Thomas*

*Hatcher III*, 3:24-cr-25-HES-MCR, an official proceeding in the U.S. District Court

for the Middle District of Florida, by attempting to direct others to alter, conceal, or

destroy evidence.

In violation of 18 U.S.C. § 1512(c)(2).

## COUNT TWELVE

### (Obstruction of an Official Proceeding)

On or about April 1, 2024, in the Middle District of Florida, the defendant,

NATHANIEL THOMAS HATCHER, III,

corruptly attempted to obstruct, influence, and impede *U.S. v. Nathaniel Thomas Hatcher III*, 3:24-cr-25-HES-MCR, an official proceeding in the U.S. District Court for the Middle District of Florida, by attempting to direct others to alter, conceal, or destroy evidence.

In violation of 18 U.S.C. § 1512(c)(2).

## COUNT THIRTEEN

### (Possession with the Intent to Distribute a Controlled Substance)

On or about May 22, 2024, in the Middle District of Florida, the defendant,

AL'DONTA EASTERLING,

did knowingly and intentionally possess with the intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).

## COUNT FOURTEEN

### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about May 22, 2024, in the Middle District of Florida, the defendant,

### AL'DONTA EASTERLING,

did knowingly possess a firearm in furtherance of a drug trafficking crime for which

the defendant may be prosecuted in a Court of the United States, specifically,

possession with the intent to distribute a controlled substance, as charged in Count

Thirteen, which count is incorporated by reference herein.

In violation of 18 U.S.C. § 924(c)(1)(A)(i).

### FORFEITURE

1.     The allegations contained in Counts One through Fourteen of the

Indictment are incorporated by referenced for the purpose of alleging forfeiture

pursuant to 18 U.S.C. §§ 924(d), 934(a)(1)(A), 981(a)(1)(C), 982(a)(1), 21 U.S.C.

§ 853, and 28 U.S.C. § 2461(c).

2.     Upon conviction of the violation of 18 U.S.C. § 932(b)(2), the

defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 934(a)(1)(A), 18

U.S.C. § 924(d), and 28 U.S.C. § 2461(c), any firearms and ammunition involved in

or used in the commission of these offenses; any property constituting, or derived

from, any proceeds obtained, directly or indirectly, as the result of such violation;

and any property used, or intended to be used, in any manner or part, to commit, or

to facilitate the commission of, such violation.

3.      Upon conviction of a violation of 18 U.S.C. §§ 36, 922(a)(6), and/or 924(c) the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

4.      Upon conviction of a violation of 21 U.S.C. §§ 841 and/or 846, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

5.      Upon conviction of a violation of 18 U.S.C. § 1956, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

6.      Upon conviction of a violation of 18 U.S.C. § 1512, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

7.      The property to be forfeited includes, but is not limited to, the following:

        a.      a Century Arms Micro-Draco 7.62 caliber pistol, serial number 22PMD37506;

        b.      a Smith and Wesson 9mm pistol, serial number FCY7081; and

    c.    all related magazines and ammunition seized in conjunction with

these firearms.

9.    If any of the property described above, as a result of any act or omission

of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be

divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28

U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
AAKASH SINGH
Assistant United States Attorney

By: _____
KIRWINN MIKE
Assistant United States Attorney

By: _____
FRANK TALBOT
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
8/8/24 Revised

No. 3:24-cr-25(S3)-HES-MCR

## UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

### THE UNITED STATES OF AMERICA

vs.

NATHANIEL THOMAS HATCHER, III,
JAMES TONEY,
AL'DONTA EASTERLING

### INDICTMENT

Violations: 18 U.S.C. §§ 932(b)(2), 922(a)(6), 36(b)(1), 924(c), 1956(h), 1512(c)(2), 21 U.S.C. §§ 846, 841(a)(1)

A true bill,

_____
Foreperson

Filed in open court this __14th__ day

of August, 2024.

_____
Clerk

Bail   $_____